UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNANDO DUQUESNAY,

        Petitioner,

v.                                        CASE NO. 04-CV-70679-DT
                                        HONORABLE JOHN CORBETT O'MEARA

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION**

Petitioner Ernando Duquesnay has applied for the writ of habeas corpus under 28 U.S.C. § 2254. Respondent Carmen Palmer urges the Court to deny the habeas petition. The Court has concluded that Petitioner is not entitled to habeas relief. Accordingly, the habeas petition will be denied.

**I. Background**

    **A. The State Court Proceedings**

Petitioner was charged in Wayne County, Michigan with possession and intent to deliver 650 or more grams of cocaine. The facts leading to the charge have been summarized by the Michigan Court of Appeals as follows:

> This case arises from a routine traffic stop in the late afternoon of August 30, 1999. Two police officers in a fully marked state police patrol vehicle stopped the vehicle that defendant was driving, intending to cite defendant for disregarding a traffic control device. The officers approached on either side of the vehicle. Defendant produced a New York driver's license and the car rental papers, which indicated that the car was rented to someone other than defendant, but listed defendant as an additional driver. One of the officers testified that defendant's actions during his conversation with defendant aroused the officer's suspicions. According to that officer, defendant repeatedly looked down at his

>feet, was sitting with his feet together and close to the seat, and kept his feet together even while reaching for the car rental papers from the glove compartment, which led the officer to believe that crime was afoot and caused him concern for his safety.
>
>The officer testified that he asked defendant if they could search the vehicle, and defendant responded "go ahead" and exited the vehicle voluntarily. Contrary to the officer's testimony, defendant testified that he did not [] consent [to] a search, but that after he revealed that he was from Jamaica, the officer opened the car door and instructed him to exit the vehicle. The officer testified that as defendant exited the vehicle, defendant looked down at the seat and reached his hands down between his legs, pushing underneath the seat. The officer escorted defendant to the rear of the vehicle and searched for weapons. The officer's partner searched the driver's compartment of the vehicle and immediately discovered under the driver's seat a brick of a substance that she believed to be cocaine. The officers arrested defendant. Later, forensic testing revealed that the brick, which was wrapped in plastic and inside a gray plastic bag, did in fact contain cocaine and weighed 997 grams.
>
>The prosecution charged defendant with possession with intent to deliver 650 grams or more of cocaine, MCL § 333.7401(2)(a)(I). Defendant moved for suppression of the cocaine on the basis of an illegal search, but the trial court denied the motion, indicating that the circumstances provided probable cause to support the non-consensual warrantless search of the vehicle.

*People v. Duquesnay*, No. 233766, at 1-2 (Mich. Ct. App. Feb. 11, 2003).

Following a bench trial on January 22, 2001, Petitioner was convicted of possession with intent to deliver more than 50 grams, but less than 225 grams, of cocaine. *See* MICH. COMP. LAWS § 333.7401(2)(a)(iii). The trial court sentenced Petitioner to imprisonment for 160 to 240 months.

On appeal from his conviction, Petitioner argued through counsel that (1) the trial court erroneously denied his motion to suppress the cocaine, which was the fruit of a non-consensual search and (2) his sentence was disproportionate under *People v. Milbourn*, 435 Mich. 630 (1990). Petitioner requested permission to file a *pro se* supplemental brief alleging that his pretrial attorney's failure to challenge the legality of the traffic stop constituted ineffective

assistance. The Michigan Court of Appeals denied Petitioner's motion to supplement his claims, *see People v. Duquesnay*, No. 233766 (Mich. Ct. App. Feb. 28, 2002),[1] and the Michigan Supreme Court denied Petitioner's interlocutory appeal from the lower court's decision. *See People v. Duquesnay,* No. 121363 (Mich. Sup. Ct. June 11, 2002).[2]

Petitioner then asked the Michigan Court of Appeals for leave to file a *pro se* supplemental brief alleging ineffective assistance of appellate counsel. He claimed, among other things, that his appellate attorney refused to raise a claim about trial counsel's failure to properly challenge the legality of the traffic stop. The Michigan Court of Appeals permitted Petitioner to file a supplemental brief about appellate counsel, but the court ultimately found no merit in the claim and affirmed Petitioner's conviction. The court of appeals remanded the case for re-sentencing because the trial court had failed to articulate sufficient reasons for departing from the mandatory minimum sentence and from the sentencing guidelines. *See People v. Duquesnay*, No. 233766 (Mich. Ct. App. Feb. 11, 2003).

Petitioner subsequently appealed to the Michigan Supreme Court. He asked the supreme court to consider the issues that he had raised in the court of appeals. He also argued that his attorney at the suppression hearing rendered ineffective assistance by failing to challenge the legality of the traffic stop. The supreme court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Duquesnay*, No. 123606 (Mich. Sup. Ct. Aug. 29, 2003).

---

[1] Judge Helene N. White voted to grant Petitioner's motion to file a supplemental brief.

[2] Justices Michael F. Cavanagh and Marilyn Kelly voted to direct the Michigan Court of Appeals to accept Petitioner's supplemental brief.

### B. Federal Court Proceedings

Petitioner signed and dated his habeas corpus petition on January 30, 2004, while he was incarcerated at Riverside Correctional Facility in Ionia, Michigan.³ The ground for relief reads:

> Petitioner was deprived of his U.S. Sixth Amendment right to effective assistance of counsel when his first attorney failed to conduct a proper suppression hearing by challenging the legality of the initial traffic stop with available proofs, where the stop was made in violation of Petitioner's U.S. Fourth Amendment right against unreasonable search and seizure when the police stopped Petitioner for an alleged traffic violation – that was in fact not a traffic violation under Michigan law, where illegally seized evidence was used from this unconstitutional stop during trial to convict Petitioner in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution under equal protection, due process, deprivation of liberty, and a fair trial; and appellate counsel was ineffective for not raising this particular claim[] himself.

On August 27, 2004, Respondent filed a motion for summary judgment and dismissal, arguing that the habeas petition contained an unexhausted claim. The Court disagreed with Respondent's analysis and ordered Respondent to file an answer addressing the merits of Petitioner's claim. Respondent recently filed an answer to the habeas petition, and the case is now ready for an adjudication on the merits of Petitioner's claim.

## II. Discussion

### A. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the

---

³ Petitioner subsequently was deported and is living in Jamaica.

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 1670 (2005).

**B. Assistance of Counsel**

The sole habeas claim alleges that Petitioner's pretrial and appellate attorneys failed to attack or adequately challenge the legality of the traffic stop, which led to the discovery of cocaine and Petitioner's arrest.  Petitioner maintains that he turned a corner while the traffic light was yellow and, because it is not illegal to make a turn while a traffic light is yellow, the traffic stop was improper.

The Michigan Court of Appeals briefly adjudicated this claim as follows:

> Finally, in a pro se supplemental appellate brief, defendant argues that for a number of reasons he was denied effective assistance of appellate counsel.  We have considered defendant's claims and conclude that defendant has failed to overcome the presumption that appellate counsel's decision regarding which claims to pursue may be considered sound appellate strategy, *People v. Reed*, 198 Mich. App. 639, 647; 499 N.W.2d 441 (1993), *aff'd* 449 Mich. 375 (1995); *People v. Hurst*, 205 Mich. App. 634, 640; 517 N.W.2d 858 (1994), and that it is not apparent from the record that appellate counsel's alleged actions or inaction was error of such magnitude that it rendered appellate counsel's performance seriously deficient, *Hurst, supra* at 642; see *Reed*, *supra*,

*Duquesnay*, Mich. Ct. App. No. 327666, at 6.

Although state prisoners generally may not raise Fourth Amendment claims on habeas review, *Stone v. Powell*, 428 U.S. 465, 494 (1976), they may assert Sixth Amendment claims based on counsel's failure to move for the suppression of evidence that should have been excluded under the Fourth Amendment.  *Northrop v. Trippett*, 265 F.3d 372, 378 (6th Cir. 2001) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986)).  To establish ineffective assistance of counsel under the Sixth Amendment, a habeas petitioner must demonstrate that counsel's performance was deficient and that the deficient performance actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as

6

the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689.

To satisfy the prejudice prong of the Strickland test, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. . . ." *Kimmelman v. Morrison*, 477 U.S. at 375.  With these considerations in mind, the Court will proceed to evaluate Petitioner's Fourth Amendment claim.

### 1. The Fourth Amendment and the Michigan Vehicle Code

The Fourth Amendment to the United States Constitution reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend IV.

> Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision.  An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances.  As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.

*Whren v. United States*, 517 U.S. 806, 809-10 (1996) (internal and end citations omitted).

"Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."

*Id.* at 813.

The Michigan Vehicle Code requires motorists to stop at red lights and to remain stopped until a green light is shown. MICH. COMP. LAWS § 257.612(1)( c)(i). Motorists may turn right after stopping unless prohibited from doing so by a traffic control device. MICH. COMP. LAWS § 257.612(1)(c)(ii). "If the signal exhibits a steady yellow indication, vehicular traffic facing the signal *shall stop* before entering the nearest crosswalk at the intersection or at a limit line when marked, but if the stop cannot be made in safety, a vehicle may be driven cautiously through the intersection." MICH. COMP. LAWS § 257.612(1)(b) (emphasis added).

### 2. The Facts

State troopers Lil Drew and Alice Larkins were proceeding westbound on Puritan near Linwood in Detroit when they saw Petitioner driving a car on Puritan. He was approaching them from the opposite direction. Trooper Drew, who was driving the patrol car, slowed down at the intersection because the traffic light had already turned red. Petitioner, however, turned right at the intersection without stopping. Petitioner later informed the officers that the light had been yellow when he made the right-hand turn onto Linwood. Based on this comment and the fact that Trooper Drew could not see what color the light was for Petitioner, he wrote in his incident report that Petitioner went through a yellow light. Officer Larkins maintained at the preliminary examination and at trial that Petitioner proceeded through a yellow light.

There was additional testimony in state court that the traffic signal facing Petitioner on Puritan Street was not a delayed light and that a sign at the intersection read, "No turn on red." Trooper Drew stopped Petitioner because Petitioner disregarded a traffic control device by failing to stop at the intersection. Petitioner testified at the suppression hearing and at trial that

the light was green when he proceeded through the intersection.

The state district court judge determined at the conclusion of the preliminary examination that Petitioner ran a red light. The trial court stated at the conclusion of the trial that, if this were a traffic case, the court might give Petitioner the benefit of the doubt and conclude that the State had failed to prove Petitioner went through a red light. The trial court recognized, however, that the issue was whether the officers stopped Petitioner because they thought a traffic violation had occurred. The trial court concluded from the officers' testimony that they stopped the car for what they believed was a traffic violation.

This Court concludes from a review of the record that the state troopers had probable cause to believe that Petitioner violated the Michigan Vehicle Code. They apparently believed that Petitioner did not stop for a red light, turned right on a red light where it was prohibited, or failed to stop at a yellow light when he could have done so safely. Therefore, the traffic stop was valid, and Petitioner's attorneys were not ineffective for failing to contest the traffic stop or for inadequately challenging the stop.

### III.  Conclusion

The state appellate court's conclusion that Petitioner's ineffectiveness claim lacked merit was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Accordingly, Petitioner's habeas petition [Doc. #2] is **DENIED**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  May 3, 2005